UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-61521-CIV- ZLOCH/ROSENBAUM
08-60271-CR- ZLOCH

DARRYL TRUMANE BOGAN,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court upon an Order of Reference entered by the Honorable William J. Zloch [D.E. 4], referring Petitioner Darryl Truman Bogan's ("Petitioner") Motion to Vacate his Sentence Pursuant to 28 U.S.C. § 2255 [D.E. 1] and associated Memorandum of Law in support thereof [D.E. 2]. Specifically, Petitioner seeks to vacate his conviction for violation of 18 U.S.C. § 1028A for aggravated identity theft (Count Two of the Indictment in Case. No. 08-CR-60271, *See* D.E.1). *Id.*

In his Memorandum of Law, Petitioner states that his Petition is timely under 28 U.S.C. § 2255, as it falls within one year of the date in which the judgment and conviction in this case became final. [D.E. 2]. In support of his Motion to Vacate his conviction for aggravated identity theft under 18 U.S.C. § 1028A, Petitioner argues that the Government proffered no evidence before the district court that Petitioner acted with the requisite guilty knowledge that the documents he received and subsequently used to obtain a Florida identification card actually belonged to another person as opposed to merely being counterfeit, as required by the Supreme Court's decision in *Flores-Figueroa v. United States*, 129 S. Ct. 1886 (2006), and subsequent Eleventh Circuit opinions *United*

*States v. Ehrlich*, 2009 WL 1652475 (11th Cir. June 15, 2009) (unpublished), and *United States v. Gaspar*, 2009 WL 2917740 (11th Cir. Sept. 14, 2009) (unpublished). *Id.* According to Petitioner, neither the government's factual proffer nor Petitioner's admission to conduct under oath contained any proof that Petitioner knew that the birth certificate and Social Security information he used belonged to an actual person. *Id.* As a result, Petitioner urges that the proper remedy under the circumstances requires the Court to vacate the conviction and sentence on Count Two and to order the Bureau of Prisons to release Petitioner from custody immediately, as Defendant has already completed his sentence under Count One. *Id.*

On October 22, 2009, the Court directed Respondent United States to file a response by November 6, 2009, and if he so chose, for Petitioner to file a reply within five business days of Respondent's response. [D.E. 6]. Respondent timely filed its Response on November 4, 2009 [D.E. 6], and in its Response stated that it agreed that Petitioner's conviction on Count Two for violating 18 U.S.C. § 1028A should be vacated. *Id.* According to Respondent, while Petitioner's Motion was timely filed, his *Flores-Figueroa* claim is procedurally barred because he did not raise it before the district court or on direct appeal. *See Massaro v. United States*, 456 U.S. 152, 170 (1982). Respondent argues that Petitioner has not overcome this procedural bar pursuant to the requirements set forth in *United States v. Frady*, 456 U.S. 152, 170 (1982).

Nonetheless, Respondent concedes that Petitioner does not have to meet the requirements of *Frady*, since he has successfully demonstrated "actual innocence," an exception to the procedural bar rule in cases where the defendant had pled guilty but a post-conviction change in the law potentially shows the conviction and punishment are for an act that the law does not make criminal. *See Bousley v. United States*, 523 U.S. 614, 620-24 (1998). In light of the "actual innocence" exception as defined in *Bousley*, Respondent acknowledges that Petitioner is actually innocent of the

18 U.S.C. § 1028A conviction, and that the procedural bar does not prohibit the Court from considering the merits of Petitioner's claim. *Id.* Accordingly, Respondent agrees that the Court should vacate Petitioner's 18 U.S.C. § 1028A conviction on the ground that his guilty plea was not knowing and voluntary because neither he, his attorney, the Government, nor the Court correctly understood the essential elements of a § 1028A offense to which Petitioner pled guilty at the time. *Id.*

After review of the record in Defendant's criminal case, Petitioner's Motion, and current case law, and in light of Respondent United States's concession that Petitioner is innocent of his 18 U.S.C. § 1028A conviction, I agree that Petitioner's Motion to Vacate His Sentence regarding Count Two for 18 U.S.C. § 1028A violation, pursuant to 28 U.S.C. § 2255 [D.E 1], should be granted. A review of the record reflects that it is devoid of factual evidence that Petitioner knew that the birth certificate and Social Security information he used belonged to an actual person, as required for a violation and conviction under 18 U.S.C. § 1028A. *See Flores-Figueroa v. United States*, 129 S. Ct. 1886 (2006). As no factual evidence in the record establishes Petitioner's actual knowledge that information he purchased belonged a real person, an essential element to a § 1028A violation, I agree that the "actual innocence" exception established in *Bousley v. United States*, 523 U.S. 614, 620-24 (1998) applies to Petitioner. Here, the Government concedes Petitioner's actual innocence with respect to the Section 1028A violation, and nothing in the record controverts the Government's position. Consequently, I recommend that Petitioner's conviction under Count Two for aggravated identity theft, 18 U.S.C. § 1028A, be vacated.

## CONCLUSION

For the foregoing reasons, I respectfully **RECOMMEND** that the Petitioner's Motion to Vacate His Sentence regarding Count Two for a violation of 18 U.S.C. § 1028A, Pursuant to 28

U.S.C. § 2255 [D.E 1] be **GRANTED**, and that his conviction under Count Two for aggravated identity theft, 18 U.S.C. § 1028A, be **VACATED**.

The parties shall have ten (10) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable William J. Zloch, United States District Judge. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal the factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *R.T.C. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. Unit B 1982) (en banc); 28 U.S.C. § 636(b)(1).

**DATED** at Fort Lauderdale, Florida this 4th day of November, 2009.

ROBIN S. ROSENBAUM
United States Magistrate Judge

cc:   Honorable William J. Zloch
      Counsel of Record